# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **GEORGE LEXINGTON, individually and on behalf of all others similarly situated,** | : | **Case No. 1:06cv2029** |
|  | : |  |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **CHEEK & ZEEHANDELAR, LLP, et al.,** | : | <u>**OPINION & ORDER**</u> |
|  | : |  |
| **Defendants.** | : |  |

Pending before the Court is *Plaintiff's Motion to Transfer Under 28 U.S.C. § 1404(a)* (Doc. 14), in which Plaintiff George Lexington seeks to transfer this action to the United States District Court for the Southern District of Ohio, where a case that he contends is related, *Stewart v. Cheek & Zeehandelar*, Case No. 2:06cv736 ("the *Stewart* case"), is also pending.  Defendants have filed a brief in opposition (Doc. 18), and Plaintiff has filed a brief in reply (Doc. 20).  Accordingly, this matter is ripe for consideration.  For the reasons stated below, the Court **GRANTS** Plaintiff's motion and **TRANSFERS** this action to the United States District Court for the Southern District of Ohio. This Court expresses no opinion, however, on whether this matter, once transferred, should be consolidated with the *Stewart* case, nor does it express an opinion on Plaintiff's pending motion for class certification (Doc. 9) and motion to redefine the class and file an amended complaint (Doc. 13).

## I.    BACKGROUND

Plaintiff filed this class action in the Northern District of Ohio on August 24, 2006 against a law firm and one of its attorneys, alleging violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), *et seq.*, and the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.*  Specifically, Plaintiff alleges that Defendants engage in unfair and deceptive debt collection practices by executing and filing affidavits in support of garnishment proceedings without undertaking the necessary inquiry to determine whether the targeted funds are exempt from garnishment.  For example, Plaintiff claims that his garnished funds were exempt from garnishment because they were veterans benefits.  Plaintiff also seeks class-wide relief for all others in Ohio that are similarly situated.

On August 28, 2006, Darla Stewart filed a class action complaint in the Southern District of Ohio against the same Defendants, alleging violation of the same federal and state statutes for improper wage garnishment.  The *Stewart* court conducted a case management conference and issued a preliminary pretrial order that, among other things, indicates that discovery conducted in either the *Lexington* case or the *Stewart* case may be used in the other case.

This Court postponed its scheduled case management conference in this matter after Plaintiff filed his present motion to transfer.

## II.   ANALYSIS

Under 28 U.S.C. §1404(a), this Court may transfer a civil case to any other district or division where it may originally have been brought "[f]or convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. §1404(a). When considering a §1404(a) motion to transfer venue, a "district court must also weigh in the balance the convenience of the witnesses and those public-

2

interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Organization, Inc v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The party moving for the transfer has the burden of showing that these factors weigh "strongly" in favor of transfer. *Picker International, Inc. v. Travelers Indemnity Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

As an initial matter, the Court notes that it is somewhat unusual for a plaintiff to move to transfer an action from a venue that the plaintiff himself has selected in the first instance. There is nothing in the plain language of § 1404(a), however, that prevents a plaintiff from doing so, and Defendants in this case have not argued that Plaintiff's motion must be denied for that reason alone.[1] As such, while the Court considers that Plaintiff chose this forum in the first instance, it weighs the relevant factors as it would with any motion to transfer under § 1404(a).

In this case, after considering all the factors, the Court concludes that the convenience of the parties and witnesses, as well as the interest of justice, favor transferring this action to the Southern District of Ohio. The *Stewart* case is in the Eastern Division of the Southern District, which sits at Columbus. Defendants' principal place of business is in Columbus; Emerson Cheek III, the individual named as defendant in both lawsuits and likely Defendants' key witness, is located in

---

[1] Defendants cite a case from the Southern District of New York in which the court, in denying a plaintiff's motion to transfer venue, noted that a motion for change of venue "is not ordinarily granted at the request of the party who chose the forum in the first place." *Grossman v. Schwarz*, 678 F. Supp. 440, 443 (S.D.N.Y. 1988). In that case, the court ultimately denied the motion to transfer after concluding that the plaintiff failed to demonstrate that the forum to which the plaintiff wanted to transfer the action would be more convenient. *Id.* That case, of course, does not suggest that a plaintiff may never move to transfer venue; it only indicates that a plaintiff's decision to sue in a district and initiate litigation there should be considered as a factor in resolving a plaintiff's subsequent request to change venue.

Columbus;  Defendants' business records are located in Columbus; and Defendants' counsel is located in the Southern District (Dayton).  Both lawsuits propose a statewide class, making Columbus a geographically centralized location.  To the extent that court documents from various debt collection actions around the state are relevant to this lawsuit, those documents are public documents accessible on a state-wide basis.

In addition, judicial economy and the interest of justice compel the Court's conclusion. Plaintiff indicates that Defendants have not moved to transfer the *Stewart* case to this forum, meaning that a denial of Plaintiff's motion would result in two separate actions going forward in which plaintiffs seek to certify a similar statewide class against the same defendants alleging violation of the same statutes for similar conduct.  Such a course would be an inefficient use of judicial resources and could result in potentially inconsistent rulings on a variety of matters.  Even if Defendants had filed a motion to transfer the *Stewart* action, however, the Court's conclusion would not change because the convenience of the parties would still weigh in favor of the actions proceeding in the Southern District.[2]

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to transfer pursuant to § 1404(a) is **GRANTED**.  This case is hereby **TRANSFERRED** to the United States District Court for the

---

[2]   The Court also notes that, even if Defendants had filed a motion to transfer the *Stewart* case to this forum, this Court would be the appropriate forum to decide the issue of where the case should proceed because the *Lexington* case was the first-filed case.   In situations where there are two suits with substantially the same parties and purpose pending in different courts (as is true in this case), this Court follows the rule that the court in which the case was first filed should determine whether to retain jurisdiction.  *Daimler-Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041, 1042 (N.D. Ohio 2001).  Here, the *Lexington* case was filed four days before the *Stewart* case.

4

Southern District of Ohio.  As indicated at the outset of this order, this Court expresses no opinion on whether this matter, once transferred, should be consolidated with the *Stewart* case, nor does it express an opinion on Plaintiff's pending motion for class certification (Doc. 9) and motion to redefine the class and file an amended complaint (Doc. 13).


       **IT IS SO ORDERED.**


                   **s/Kathleen M. O'Malley**
                   **KATHLEEN McDONALD O'MALLEY**
                   **UNITED STATES DISTRICT JUDGE**

**Dated: February 21, 2007**